[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10800

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALBERT WARD, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00513-ACA-SGC-1

_____

Before JILL PRYOR, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Albert Ward III was convicted in 2021 of carjacking in violation of 18 U.S.C. § 2119, brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and Hobbs Act robbery in violation of 18 U.S.C. § 1951. The district court sentenced Defendant to serve a total of 240 months in prison, which was a six-month upward variance from the upper end of Defendant's guidelines range. Defendant appeals his sentence, arguing that it is substantively unreasonable because the upward variance was based exclusively on the seriousness of Defendant's crimes, a factor already accounted for in the guidelines, and because the district court failed to adequately consider mitigating evidence. We affirm.

## BACKGROUND

In September 2019, Defendant was charged in a three-count indictment with carjacking in violation of 18 U.S.C. § 2119, brandishing a firearm during the course and in furtherance of a crime of violence (the carjacking) in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and Hobbs Act robbery in violation of 18 U.S.C. § 1951. The charges stemmed from two incidents that occurred in December 2018. On December 6, 2018, Defendant approached a woman who was parking her car in a mall parking deck, put a gun in the woman's face, demanded her purse and keys, and then drove

off in the woman's car.  Two days later, on December 8, 2018, Defendant robbed a convenience store, during which robbery Defendant beat the store clerk with a screwdriver and then fled with the store's cash register.  The clerk suffered significant injuries to his head and hands during the attack, and he had to be hospitalized for several days.

Defendant pled guilty to all three counts in the indictment pursuant to a plea agreement.  Defendant acknowledged in the agreement that the maximum sentence for the charged offenses was:  (1) imprisonment for not more than 15 years on the carjacking count, (2) imprisonment for not less than 7 years and not more than life on the § 924(c) count, which sentence would run consecutively to Defendant's sentence on all other counts, and (3) imprisonment for not more than 20 years on the Hobbs Act robbery count.  Defendant stipulated in the agreement that the underlying facts of his offenses, as briefly described above, were substantially correct and could be used by the district court to calculate his sentence.  The Government indicated in the agreement that it would recommend a sentence of "at the low end of the guideline range, but not less than a combined sentence of 240 months on all counts."  Defendant agreed to waive the right to appeal his conviction and sentence in the case, but he reserved the right to appeal a sentence imposed in excess of his calculated guidelines range.

The Pre-Sentence Report ("PSR") assigned Defendant a total offense level of 26.  The PSR described a long history of arrests beginning in 2005 and continuing through 2017, including arrests for

burglary, theft, robbery, receipt of stolen property, first degree assault (beating the victim with a baseball bat), and various drug charges. Based on his prior criminal activity, the PSR assigned Defendant a criminal history category of VI. Defendant's criminal history score and his total offense level yielded an advisory guidelines range of 120 to 150 months for the carjacking and Hobbs Act robbery counts, plus 84 months on the § 924(c) count to run consecutively to Defendant's sentence on the other counts. Assuming concurrent sentences for the carjacking and robbery counts and a consecutive sentence for the § 924(c) count, Defendant's recommended guidelines range was 204 to 234 months.

Defendant did not object to any of the facts set out in the PSR, or to its ultimate recommendation. In his sentencing memorandum, Defendant requested a sentence of 219 months. Defendant specifically asked that the district court consider the mitigating factors of his drug addiction overlapping with a mental health disorder (bipolar disorder with psychotic features) that had caused symptoms since Defendant's childhood. Defendant also attached evidence to his memorandum showing that he had a supportive and loving family.

At Defendant's sentencing hearing, the district court accepted the PSR's determination of Defendant's offense level and criminal history category, and it acknowledged that his advisory guidelines range was 120 to 150 months on the carjacking and Hobbs Act robbery counts, plus an 84-month mandatory consecutive sentence on the § 924(c) count. Defendant's father testified at

the sentencing hearing about Defendant's history of drug use and mental health issues, and Defendant testified on his own behalf, offering an apology to the victims of his offenses. The Government emphasized to the district court Defendant's extensive criminal history, including a prior assault that was originally charged as attempted murder, during which Defendant beat the victim with a baseball bat. Based on Defendant's extensive criminal history and his violent offense in this case, the Government asked that Defendant be sentenced to 240 months, which it acknowledged was a six-month upward variance from Defendant's recommended guidelines range.

At the conclusion of the sentencing hearing, the district court sentenced Defendant to concurrent terms of 156 months on the carjacking and Hobbs Act robbery counts, plus a consecutive 84-month term on the § 924(c) count, for a total sentence of 240 months, to be followed by five years of supervised release. The court also ordered Defendant to pay restitution in the amount of approximately $19,000 related to damages claimed by Defendant's carjacking victim and injuries suffered by the store clerk during Defendant's robbery of the convenience store. The court indicated that it had imposed an upward variance from Defendant's guidelines range because of the seriousness and violent nature of Defendant's offenses and his extensive and violent criminal history. Defendant objected to the sentence, arguing that it was substantively unreasonable. He now appeals on the same ground.

## DISCUSSION

Defendant's challenge to the substantive reasonableness of his sentence is governed by 18 U.S.C. § 3553(a). Pursuant to § 3553(a), a district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in the statute, which include "reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a) (quotation marks omitted)). In addition, the district court must consider, as relevant, the "nature and circumstances" of the offense and the "history and characteristics" of the defendant, as well as the "types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *Id.* (citing 18 U.S.C. § 3553(a)(1)-(7) (quotation marks omitted)).

The weight accorded to any one of the factors set out in § 3553(a) "is a matter committed to the sound discretion of the district court." *Id.* (quotation marks omitted). The district court need not weigh all the § 3553(a) factors equally, and it has discretion to weigh any factor or combination of factors more heavily than the guidelines range. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Moreover, the district court "is not

21-10800                 Opinion of the Court                        7

required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *Taylor*, 997 F.3d at 1354. "Rather, an acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* at 1354–55 (quotation marks omitted and alterations adopted).

We review the substantive reasonableness of Defendant's sentence pursuant to § 3553(a) under the deferential abuse of discretion standard. *See id.* at 1352 (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). In the sentencing context, an abuse of discretion occurs when the district court does not consider factors that are relevant and "due significant weight" under § 3553(a), when it "gives significant weight to improper or irrelevant factors", or when it "commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (quotation marks omitted)). To show that the district court abused its discretion here, Defendant "bears the burden of demonstrating that [his] sentence is unreasonable in light of the record, the factors listed in . . . § 3553(a), and the substantial deference afforded sentencing courts." *Taylor*, 997 F.3d at 1352–53. We will vacate Defendant's sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case." *See id.* at 1355 (quotation marks omitted).

Applying the above standards, the district court did not abuse its discretion by imposing a total sentence of 240 months for Defendant's carjacking, § 924(c), and Hobbs Act robbery convictions. Although it was not required to do so, the district court expressly addressed every relevant § 3553(a) factor and all the mitigating evidence presented by Defendant during Defendant's sentencing hearing. As authorized by the governing case law, the district court weighed most heavily: (1) Defendant's history of violent offenses during the 15 years leading up to the carjacking and robbery that led to his conviction in this case—including one prior offense that was originally charged as attempted murder, during which Defendant beat a man with a baseball bat, and (2) the seriousness and violence involved in the carjacking and robbery Defendant was convicted of committing in this case, during the former of which the Defendant put a gun directly in a woman's face in a mall parking lot so he could steal her car and during the latter of which Defendant beat a store clerk with a screwdriver to the point that the clerk needed to be hospitalized for several days and then stole the store's cash register. Based on these factors, the court determined—reasonably in our opinion—that a 240-month sentence, a slight upward variance from the upper end of Defendant's guidelines range of 234 months, was "necessary to promote in [Defendant] a respect for the law and to provide just punishment for these offenses, but importantly, to protect the public from further criminal behavior" by Defendant. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in

weighing sentencing factors is particularly pronounced when it comes to weighing criminal history").

Defendant argues that the district court did not consider his mitigation evidence, including evidence that he suffered from mental illness and that he had a supportive family that could "serve to reduce recidivism concerns." We are not persuaded. The district court stated during the sentencing hearing that it "appreciate[d] that [Defendant] suffere[ed] from some mental illness." But based on the evidence presented, the court determined that "all of [Defendant's] mental illness [was] related to [his] drug use in one way or another." Specifically, Defendant's two hospital admissions due to mental health issues were both "preceded by drug use." As for Defendant's family support, the district court considered the testimony of Defendant's father, who described his many unsuccessful efforts to help Defendant get on a better path, which efforts included providing Defendant with financial support and various types of therapy and treatment. But the court determined—again reasonably, based on the evidence that was presented—that Defendant's strong family support had not decreased his propensity to commit violent crimes. In that regard, the court noted that Defendant had "been given every—literally every opportunity that anyone could have wished for" but that he had nevertheless been on an essentially continuous crime spree anytime he was not in custody during the 15 years preceding the carjacking and robbery that led to his conviction in this case.

The only other fact Defendant offers in support of his substantive reasonableness argument is that his sentence involved an upward variance from his guidelines range. Again, we are unpersuaded by Defendant's suggestion that the upward variance alone establishes an abuse of discretion by the district court. There is no presumption of unreasonableness for sentences outside the guidelines range. *See Irey*, 612 F.3d at 1187 ("the appellate court may not presume that a sentence outside the guidelines is unreasonable"). The district court explained its decision to upwardly vary, stating that Defendant's case was "the vary rare case where a variance upward is what is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing" as a result of the seriousness of Defendant's offenses in this case and in other instances prior to this case. Defendant notes that the guidelines already accounted for the seriousness of his offense and his criminal history, but that does not establish unreasonableness. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (explaining that district courts maintain discretion to use a factor to justify an upward variance, even if the factor is already accounted for by the guidelines). Furthermore, Defendant's156-month sentences on the carjacking and Hobbs Act robbery counts are below the statutory maximum for both convictions—15 years (180 months) for the carjacking conviction and 20 years (240 months) for the Hobbs Act robbery, an indicator of reasonableness. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.").

In short, Defendant has not carried his burden of showing that the district court abused its discretion by imposing a total sentence of 240 months for his carjacking, § 924(c), and Hobbs Act robbery convictions. On the contrary, it is apparent from the record that the district court considered all the relevant sentencing factors and acted within its discretion in weighing those factors to arrive at a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing as set out in § 3553(a). *Id.* at 655. Accordingly, Defendant's sentence is **AFFIRMED.**